493, (1902).]                    Syllabus—Arguments.


# Watson *v*. Beck, Appellant.

*Contract—Husband and wife—Ostensible ownership—Question for jury.*

In an action by a woman, the owner of a hotel, to recover for board where the defendant seeks to set off a debt due to him by plaintiff's husband, the case is for the jury where the evidence shows that the plaintiff permitted her husband to act as her agent; that both were actively engaged about the hotel; that there was nothing to indicate an ownership in one more than the other; that the contract with defendant was made by the husband, and the defendant made no inquiry as to the ownership of the hotel.

Argued May 20, 1902. Appeal, No. 132, April T., 1902, by defendant, from judgment of C. P. Forest Co., May T., 1901, No. 1, on verdict for plaintiff in case of M. C. Watson v. J. E. Beck. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for board. Before LINDSEY, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $352.57. Defendant appealed.

*Errors assigned* were instructions submitting the case to the jury.

*J. R McCreery*, with him *T. F. Ritchey, W. E. Rice* and *G. F. Whitmer*, for appellant, cited : Parker v. Donaldson, 2 W. & S. 9 ; Lancaster v. Knickerbocker Ice Co., 153 Pa. 427 ; Filbert v. Haw, 8 Watts, 443 ; Clement v. Philadelphia, 137 Pa. 328 ; Lloyd's App., 95 Pa. 518 ; Reed v. Penrose's Executrix, 36 Pa. 214.

*Don C. Corbett*, with him *S. D. Irwin* and *J. S. Shirley*, for appellee, cited : Bernshouse v. Abbott, 45 N. J. L. 531 ; Cave v. Mills, 7 H. & N. 913 ; Kelly v. Eichman, 3 Whart. 419 ; Greeley v. Thomas, 56 Pa. 35 ; Treffeison's Assignment, 3 Kulp, 308 ; Lash v. Spayd, 141 Pa. 360 ; Anderson's App., 4 Yeates, 35 ; Wilson v. Hamilton, 9 S. & R. 430 ; Lord v. Meadville Water Co., 135 Pa. 122 ; Fyan v. Cessna, 10 Atl. Repr. 29.

WATSON *v.* BECK, Appellant.

OPINION BY ORLADY, J., December 13, 1902:

This action of assumpsit was brought to recover for boarding, washing, etc., furnished by the plaintiff to the defendant, who was a practicing physician. It is undisputed that the plaintiff was the owner of the hotel, and that her husband, J. D. Watson, was her business manager, between whom and Dr. Beck there was a substantial dispute as to the terms of the contract. The defendant occupied rooms and received accommodations for a period of fifty-six weeks, during which time the plaintiff had no negotiation with him as to her claim. She testified as follows: " I left it to J. D. Watson, as he had made the bargain and I did not want to interfere. Mr. Watson acts as my agent. I never asked Dr. Beck for any money for rent or settlement for room; I expected Mr. Watson to settle that."

The defense was that J. D. Watson was indebted to the defendant, and that the contract was made with him individually as the owner of the property, which claim the defendant sought to set off in this action. An examination of the record raises questions of fact only, which questions were submitted to the jury in a charge of which the defendant has no reason to complain. Both husband and wife were actively engaged about the hotel, and there was nothing to indicate an ownership in one more than in the other. The defendant made no inquiry, but J. D. Watson told him that Mrs. Watson had some objection to his being received as a boarder. The inconsistencies in the defendant's and J. D. Watson's testimony could be reconciled only by the tribunal to which the cause was submitted.

We find no error in the record and the judgment is affirmed.